**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM F. JENSEN,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>STATE OF WASHINGTON, by and through its office of Governor and by and through its Washington State Department of Corrections; et al.,<br><br>           Defendants-Appellees. | No.   18-35579<br><br>D.C. No. 2:16-cv-01963-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted November 4, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and R. COLLINS,[**] District Judge.

Appellant William F. Jensen appeals the district court's grant of summary

judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

district court's decision de novo, *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013), we affirm.

Appellant is an inmate in a Washington State Department of Corrections facility. Appellant asserts that in 2010 he witnessed a correctional officer physically and sexually threaten another inmate and Appellant reported the correctional officer's behavior. After reporting, Appellant alleges that the correctional staff began retaliating against him. Subsequently, Appellant brought suit and the district court dismissed Appellant's case as time-barred.

The district court's dismissal of Appellant's claim was proper. The parties did not dispute that the applicable statute of limitations for Appellant's cause of action was three years. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 276 (1985); Wash. Rev. Code § 4.16.080. The actions that gave rise to Appellant's Complaint took place in 2010 and 2011. Appellant did not file his Complaint until December 22, 2016.

On appeal, Appellant asserts that his cause of action was subject to a *Heck* bar and is timely. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). However, an appellant's argument will not be considered where it is raised for the first time on appeal. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). Because Appellant did not raise his *Heck* argument below, it is deemed waived.

**AFFIRMED**.

18-35579